

**SO ORDERED.**

**SIGNED this 16 day of June, 2008.**

_____
A. Thomas Small
United States Bankruptcy Judge

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
WILSON DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| MELVIN ALAN WORLEY | 08-01081-8-RDD |
| DEBTOR | |
| | |
| MELVIN ALAN WORLEY | |
| Plaintiff | ADVERSARY PROCEEDING NO. |
| v. | S-08-00036-8-AP |
| GE MONEYBANK | |
| Defendant. | |

**MEMORANDUM OPINION AND ORDER ALLOWING DEFAULT JUDGMENT**

The matter before the court is the motion filed by the plaintiff, Melvin Alan Worley, for a default judgment against the defendant, GE Moneybank. A hearing took place in Raleigh, North Carolina on June 10, 2008.

This is an adversary proceeding to avoid a lien taken by GE Moneybank on the debtor's motorcycle. The complaint alleges that GE took the security interest in violation of North Carolina General Statute § 24-11(c) and should be avoided. GE was properly served, but did not answer and

default was entered by the clerk on May 16, 2008. The plaintiff filed a motion for default judgment that was served on GE, but GE again did not respond. GE was notified of the hearing, but, consistent with its prior inaction, did not attend.

This bankruptcy court has jurisdiction over the parties and the subject matter of this proceeding pursuant to 28 U.S.C. §§ 151, 157, and 1334, and the General Order of Reference entered by the United States District Court for the Eastern District of North Carolina on August 3, 1984. This is a "core proceeding" within the meaning of 28 U.S.C. § 157(b)(2)(K), which this court may hear and determine.

Melvin Alan Worley filed a petition for relief under chapter 7 of the Bankruptcy Code on February 20, 2008. Previously, the debtor purchased a 2005 Yamaha motorcycle from Team Powersports (a motorcycle dealer doing business in Garner, North Carolina) on March 30, 2006, for a purchase price of $8,500.00. The debtor made a $200.00 down payment and financed the $8,300 balance of the purchase price through a $10,000 revolving line of credit offered by GE. According to the loan documents, the interest rate charged by GE was 19.742% per annum. The loan documents also provided that GE was to have a purchase money security interest in the motorcycle.

The debtor contends that because the interest rate exceeded 1.25% per month, GE is precluded by North Carolina General Statute § 24-11(c) from taking a security interest in the motorcycle. North Carolina General Statue § 24-11(c) provides that:

> any extension of credit under an open-end or similar plan under which there is charged a monthly periodic rate greater than one and one-quarter percent (1 1/4 %) may not be secured by real or personal property or any other thing of value, provided

2

    that this subsection shall not apply to consumer credit sales regulated by Chapter 25A, the Retail Installment Sales Act.[1]

It is clear that GE charged interest in excess of 1.25 % per month and that GE took a security interest in the debtor's motorcycle in violation of North Carolina General Statute § 24-11(c). Consequently, the security interest is invalid and should be set aside.

  The debtor also contends that GE's taking a security interest in violation of North Carolina General Statute § 24-11(c) is an unfair and deceptive trade practice pursuant to North Carolina General Statute § 75-1.1. Taking a security interest that is not permitted by law has been held to be an unfair and deceptive trade practice, and therefore the plaintiff is entitled to recover attorney's fees. Peterson v. State Employees Credit Union (In re: Kittrell), 115 B.R. 873 (Bankr. M.D.N.C. 1990); N.C. Gen. Stat. § 75-1.1. The court will allow a reasonable attorney's fee of $3,000.

  Based on the foregoing, the plaintiff is entitled to a default judgment avoiding the lien on his motorcycle and attorney's fees of $3,000. A separate judgment will be entered.

  **SO ORDERED.**

**END OF DOCUMENT**

---

[1] North Carolina General Statutes Chapter 25A, the Retail Installment Sales Act, does not apply in this instance since GE Moneybank's financing of Mr. Worley's motorcycle purchase was not a consumer credit sale. Section 25A-1 provides: "this Chapter only applies to consumer credit sales." Further, § 25A-2(c) provides: "a sale in which the seller allows the buyer to purchase goods or services pursuant to a credit card issued by someone other than seller engaged in part or entirely in the business of selling goods or services or similar arrangement is not a consumer credit sale."